**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ZVIADI KAPANADZE, <br><br> Plaintiff, <br><br> v. <br><br> KRYSTAL E. HUTCHINGS, <br><br> Defendant. | Civil Action No. 2:25-cv-3861 (JKS) (SDA) <br><br> **OPINION AND ORDER** <br><br> **March 18, 2026** |

**STACEY D. ADAMS, United States Magistrate Judge**

This matter comes before the Court on the unopposed Motion (the "Motion") by Plaintiff Zviadi Kapanadze ("Plaintiff") for Substitute Service. (ECF No. 5). The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Motion is **GRANTED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action arises from a motor vehicle accident that occurred in New Jersey on December 22, 2024, in which Plaintiff allegedly sustained serious personal injuries. (ECF No. 1). According to the complaint, Plaintiff's vehicle collided with a vehicle being driven by Defendant Krystal E. Hutchings ("Defendant"). (*Id.*). A subsequent "advanced person search" conducted by Plaintiff Counsel revealed that Defendant's home address is in Garfield, New Jersey (the "Address"). (ECF No. 5-4).

After filing this action, Plaintiff attempted on three occasions — July 23, 2025, July 26, 2025, and July 28, 2025 — to effect personal service upon Defendant with the assistance of a process server at the Address, which is a multi-tenant structure, but Plaintiff was unable to do so. (ECF No. 5-1 ¶¶ 7, 8 (Plaintiff Counsel's Sworn Declaration); ECF No. 5-3 (process server's

Affidavit of Due Diligence)). Over the course of those three attempts, the process server attempted service at the Address by knocking on Defendant's door and ringing the doorbell, all to no avail. (ECF No. 5-3). During the second attempt, the process server spoke with another tenant, who confirmed that Defendant resides at the Address. (*Id.*).

Plaintiff Counsel subsequently communicated directly with Defendant's auto insurance carrier (the "Insurer") through a claims representative (the "Claims Representative"), and then emailed a copy of the summons and complaint to the Insurer. (ECF No. 5-1 ¶ 9). In turn, the Claims Representative confirmed by email to Plaintiff Counsel that the Insurer: (1) acknowledged the existence of the lawsuit; and (2) indicated that it would respond to the complaint on Defendant's behalf if an order were to be issued authorizing substitute service upon the Insurer. (*Id.*; ECF No. 5-5 (email exchange between Plaintiff Counsel and Claims Representative)).[1]

Accordingly, Plaintiff moved on November 5, 2025 for leave to effect service of the summons and complaint upon Defendant by: (1) serving the Insurer by certified mail, regular mail, and email at the email address provided by the Claims Representative; and (2) posting a copy of the summons and complaint at Defendant's Address, assuming the process server is able to access it. (ECF No. 5; ECF No. 5-2). Upon initial review of the papers filed in support of the Motion, the Court on November 7, 2025 ordered Plaintiff Counsel to, *inter alia*, serve the Motion on the Insurer. (ECF No. 6). On November 10, 2025, Plaintiff Counsel filed proof of service of the Motion on the Insurer. (ECF No. 7). No opposition to the Motion has been filed to date.

**<u>LEGAL STANDARD</u>**

Pursuant to the Federal Rules of Civil Procedure:

---

[1] It is not clear from the record how Plaintiff Counsel was able to determine the Insurer's identity but, presumably, it was through a police accident report.

> Unless federal law provides otherwise, an individual – other than a minor, or incompetent person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

"The primary method of obtaining in personam jurisdiction over a defendant in th[e] State [of New Jersey] is by causing the summons and complaint to be personally served within this State." N.J. Ct. R. 4:4-4(a). But when such service cannot be effectuated, New Jersey law allows for "[s]ubstituted or [c]onstructive [s]ervice" in a manner "as provided by court order, consistent with due process of law." *See* N.J. Ct. R. 4:4-4(b)(3).

In moving for leave to engage in substitute service upon an individual, an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Nabi v. Childs*, No. 19-cv-12872, 2019 WL 5800254, at *2 (D.N.J. Nov. 7, 2019) (internal quotation marks and citation omitted). "There is no objective, formulaic standard for determining what is, or is not, due diligence. Instead[,] it is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Michals v. Medina Lopez*, No. 20-cv-6196, 2020 WL 6281648, at *1 (D.N.J. Oct. 26, 2020) (internal quotation marks, alterations, and citation omitted). The due-diligence standard "does not require a plaintiff to take every conceivable

action" to serve an individual defendant. *See Nabi*, 2019 WL 5800254, at \*2 (internal quotation marks and citation omitted). Once a plaintiff demonstrates that reasonable due diligence at attempting personal service has been exercised, "a court may order an alternative means of service that is consistent with due process." *Id.* (internal quotation marks and citation omitted). A proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Courts of this District have recognized that substitute service upon an auto insurance carrier providing coverage to an individual defendant satisfies due process where: (1) the defendant cannot be served despite diligent efforts; (2) the insurance carrier's interests are aligned with those of the insured; and (3) the insurance carrier acknowledges the existence of the lawsuit at issue. *See Nabi*, 2019 WL 5800254, at \*2-3 (permitting substitute service on individual defendant's auto insurer after many failed attempts to personally serve defendant where plaintiff counsel had contacted insurer, and in turn insurer agreed to accept service and notify defendant of the lawsuit); *Michals*, 2020 WL 6281648, at \*2 (finding substitute service on individual defendant's auto insurer to be constitutionally sufficient where insurer was aware of the litigation, had communicated with plaintiff counsel, and indicated it would notify defendant of the lawsuit); *Dattalo v. Hampton*, No. 14-cv-0290, 2015 U.S. Dist. LEXIS 21586, at \*3-4 (D.N.J. Feb. 24, 2015) (permitting substitute service on individual defendant's auto insurer where plaintiff failed several times to serve defendant, and where insurer was aware of the accident and had opened a claim number on behalf of defendant)[2]; *see also Pier Renaissance LP v. Tutor Perini Bldg. Corp.*, No. 14-cv-1703, 2017

---

[2] Although not mentioned in the *Dattalo* opinion, the plaintiff therein submitted a supporting certification asserting that the defendant's auto insurer "ha[d] knowledge of the within accident

WL 11812254, at *2 (D.N.J. June 29, 2017) (noting that courts are authorized to order substitute service of process on defendant's auto insurance carrier when defendant cannot be served despite diligent efforts). Thus, when an auto insurance carrier has a contractual obligation to defend and indemnify an individual insured, service on the carrier is reasonably calculated to provide the insured with both notice and an opportunity to defend in satisfaction of due process. *See Nabi*, 2019 WL 5800254, at *3; *see also Pier*, 2017 WL 11812254, at *3.

**<u>DISCUSSION</u>**

Here, the Court finds that Plaintiff has satisfied the requirements to be granted leave to engage in substitute service upon Defendant under the Federal Rules and the New Jersey Court Rules. *See* Fed. R. Civ. P. 4(e); N.J. Ct. R. 4:4-4(b)(3). Plaintiff has demonstrated reasonable diligence in attempting to personally serve Defendant by engaging a process server to personally serve Defendant at her last known Address on three separate occasions, as set forth in Plaintiff Counsel's Sworn Declaration and in the process server's Affidavit of Due Diligence. (ECF No. 5-1; ECF No. 5-3; ECF No. 5-4). During one of those attempts, another tenant in the building wherein Defendant resides advised the process server that Defendant indeed resided at the Address. (ECF No. 5-3). Comparable efforts, *i.e.*, multiple attempts at personal service at a verified address coupled with confirmation that a defendant resides at the address, have been found to constitute reasonable diligence. *See Nabi*, 2019 WL 5800254, at *2-3; *Michals*, 2020 WL 6281648, at *1-2.

Notably, Plaintiff Counsel also communicated directly with Defendant's Insurer. (ECF No. 5-1 ¶ 9; ECF No. 5-5). Furthermore, the Insurer's Claims Representative confirmed by email that the Insurer was aware of the lawsuit and was prepared to respond on Defendant's behalf upon entry

---

and ha[d] assigned [a] claim number . . . to this matter." D.N.J. Case No. 14-cv-0290, ECF No. 14 at ECF-designated p. 4.

of an order authorizing substitute service. (*Id.*). Courts have relied on this type of acknowledgment by an automobile insurer in concluding that substitute service upon that insurer in place of personal service is reasonably calculated to provide notice to an individual defendant. *See Nabi*, 2019 WL 5800254, at *2-3; *Michals*, 2020 WL 6281648, at *1-2.

The Court is therefore satisfied that the proposed method of substitute service, with some modifications that shall be set forth below, will comport with due process. Under these circumstances, service on the Insurer would be reasonably calculated to apprise Defendant of the pendency of the action and afford Defendant an opportunity to respond.

## **CONCLUSION**

Plaintiff's request for leave to engage in substitute service on Defendant through the Insurer shall be GRANTED. Accordingly, for the reasons set forth above,

**IT IS** on this **17th** day of **March, 2026**, hereby:

**ORDERED** that Plaintiff's Motion for Substitute Service (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve upon the Insurer **both** a copy of this Opinion and Order **and** the summons and complaint by certified mail with return receipt requested, by regular mail, and by email, and shall file proof of such service **by all three methods** on the electronic docket for this case by **April 13, 2026**; and it is further

**ORDERED** that Plaintiff shall serve upon Defendant at her last known Address **both** a copy of this Opinion and Order **and** the summons and complaint by certified mail with return receipt requested, by regular mail, and by posting notice at Defendant's Address if that Address is accessible, and shall file proof of such service **by all three methods** on the electronic docket for this case by **April 13, 2026**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion at ECF No. 5.

*/s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge